UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DALE DODD, individually and as next friend and parent of minor, C.D., *et al.*, | ) ) ) | Case No. 1:25-cv-70 |
| *Plaintiffs*, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Michael J. Dumitru |
| STEVEN MELVILLE, *et al.*, | ) ) ) | |
| *Defendants*. | | |

## MEMORANDUM OPINION

Before the Court is Plaintiffs Dale Dodd, Olivia Dodd, and Christy Dodd's motion to remand this action to state court. (Doc. 32.) For the following reasons, the Court will **GRANT** Plaintiffs' motion.

This action arises out of a motor vehicle accident that occurred on February 3, 2024. Plaintiffs initiated this action in the Circuit Court for Hamilton County, Tennessee, on January 29, 2025. (*See* Doc. 1-2.) Defendant DoorDash, Inc. removed the action to this Court on March 6, 2025, asserting, based on Plaintiffs' allegations,[1] that complete diversity existed, and, as a result, the Court had subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. (*See* Doc. 1.)

---

[1] Plaintiffs' complaint alleged that: (1) they were citizens and residents of Tennessee; (2) Defendant Steven Melville was a resident of Georgia; (3) Defendant Shannon Nicole Bryson was a resident of Georgia; (4) Defendant April Bryson was a resident of Georgia; and (5) Defendant DoorDash, Inc. was a Delaware corporation. (Doc. 1-2, at 1–2.)

On May 12, 2025, after the action was removed to this Court, Plaintiffs served Defendant Steven Melville, and the affidavit of service states that he was served at 4 Franklin Place, Chattanooga, Tennessee 37412. (Doc. 23.) On June 2, 2025, Melville filed his answer and a "Certificate of Citizenship." (Docs. 29, 30.) In his answer and "Certificate of Citizenship," Melville confirmed that he was served in Chattanooga, Tennessee, and represented that the 4 Franklin Place address in Tennessee is his current residence. (Doc. 29, at 1; Doc. 30, at 1.)

Based on these representations, Plaintiffs moved to remand this action to state court, arguing that, because they and Melville are all citizens of Tennessee, there is not complete diversity of citizenship necessary for the Court to exercise jurisdiction under 28 U.S.C. § 1332. (Doc. 32.) None of the defendants have filed a response opposing Plaintiffs' motion to remand within the time required by the Court's local rules, and, as a result, Plaintiffs' motion to remand is ripe for the Court's review.

Diversity of citizenship "exists only when no plaintiff and no defendant are citizens of the same state." *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006). Although "[t]he general rule is that diversity is determined at the time of the filing of a lawsuit," *id.*, "[a] litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action," *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004).

Although it appeared that complete diversity existed at the time of DoorDash's removal, Melville's undisputed representation that his current residence is in Tennessee means that complete diversity does not exist among the parties and that the Court does not have subject-matter jurisdiction under 28 U.S.C. § 1332. (*See* Doc. 30.) Accordingly, the Court will **GRANT** Plaintiffs' motion to remand this action to the Circuit Court for Hamilton County, Tennessee. (Doc. 32.)

**AN APPROPRIATE JUDGMENT WILL ENTER.**

<u>**/s/ *Travis R. McDonough***</u>
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**